FUNKHOUSER & POTTLE, Plaintiffs in Error, *vs.* How *et al.*, Defendants in Error.

1. The supreme court will not interfere with the discretion exercised by inferior courts in refusing permission to interplead in attachment suits, after the expiration of the time limited by their rules. It is only in flagrant cases that the supreme court will disturb the construction by a court of its own rules.

*Error to St. Louis Court of Common Pleas.*

*R. M. Field*, for plaintiff in error. There was error in denying the plaintiffs the right to interplead in the case. 1. The statute gives the right without any limitation as to the time, and no other limitation can justly be imposed by construction than such as arises from an actual judgment against the garnishee. R. C. 1845, title " Attachment," sec. 39. 2. The rule of the court of Common Pleas is, in its terms, inapplicable to this case, for it extends only to the case of *property* attached, and not to cases of *money, effects, or credits*. A comparison of the rule with the statute shows what is its proper construction. 3. Besides, the rules of the court can bind no one but parties.

before the court. The plaintiffs in error were not made parties nor served with process, nor in any way charged with actual or constructive notice. 4. Even if the plaintiffs were chargeable with constructive notice and bound by the rule of court, they should have been allowed to interplead, on the principle decided in *Sloan* v. *Forse*, 11 Mo. 126. See *Quarles* v. *Porter*, 12 Mo. 76.

*Todd & Krum*, for defendants in error. I. If it was the *right* given by law to Funkhouser and Pottle to interplead and claim the effects attached, they could have done so without leave, and the leave or permission of the court could add nothing to their right. It was, therefore, in this view of the question, an unnecessary and useless act on the part of the plaintiffs in error to ask, and equally useless on the part of the court to grant leave to interplead. II. If the right or privilege to interplead depended on the discretion of the Court of Common Pleas, this court will not undertake to control that discretion. This rule, in cases of the exercise of a discretion, is well established by the repeated decisions of this court. III. The statute does not prescribe the time in which a claimant shall file his claim or interplead. But the court regulated that by rule, requiring "all *claimants of property attached to interplead therefor within the first six days of the term to which such attachment shall be returnable.*"

SCOTT, Judge, delivered the opinion of the court.

In August, 1851, the defendants in error commenced a suit by attachment against Thomas Crew, and on the same day the Phœnix Insurance company was summoned as garnishee in the cause. In February, 1852, judgment was taken against Crew on service by publication. In January of the same year, on interrogatories, the garnishee admitted an indebtedness to Crew in the sum of $500. On this answer, on the 22d March, 1852, a judgment was rendered against the garnishee, a judgment having been previously taken against Crew on the 20th March

of the same year. About the first of March, 1852, the plaintiffs in error applied for leave to file an interplea in the cause, claiming the funds in the hands of the garnishee and supporting their claim by evidence. It should have been previously stated, that the process of attachment was made returnable to the September term of the Court of Common Pleas. By a rule of that court, all claimants of property attached are required to interplead therefor within the first six days of the term to which such attachment shall be returnable. The court below denied permission to the plaintiffs in error to interplead, and they appealed.

1. The sixty-first section of the act concerning attachments, among other things, gives the circuit court power to prescribe the time of interpleading. It is very reasonable to entrust to courts the construction and interpretation of their own rules. It should be a flagrant case that would justify the interference of an appellate tribunal in such matters. The inferior courts must know best the purposes and extent of their own rules. Certainly there was no error in construing the rule in relation to interpleaders as extending to " effects and credits," as well as to " property." The rule was obviously designed to cover all cases of interpleader. Had the court permitted the plaintiffs in error to interplead, at the time they made application for that purpose, this court would not have interfered with such an exercise of discretion. But as the application was delayed until a long time after the period prescribed by rule, and as no cause was shown for such delay, we cannot say that the court erred in denying the application. The rights of a party failing to interplead are not compromised by such omission. The ordinary course of proceeding is still open to him.

The other judges concurring, the judgment will be affirmed.